## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| TERRANCE TURNER, | § | |
|      PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-987-X-BK |
| | § | CONSOLIDATED WITH: |
| | § | 3:23-CV-0988-X-BK; |
| FOOD AND DRUG ADMINISTRATION, | § | 3:23-CV-0990-X-BK; |
| ET AL., | § | 3:23-CV-0991-X-BK; |
|      DEFENDANT. | § | 3:23-CV-0992-X-BK; |
| | § | 3:23-CV-1006-X-BK; |
| | § | 3:23-CV-1007-X-BK; |
| | § | 3:23-CV-1008-X-BK; |
| | § | 3:23-CV-1010-X-BK; |
| | § | 3:23-CV-1009-X-BK; |
| | § | 3:23-CV-1011-X-BK; |
| | § | 3:23-CV-1012-X-BK; |
| | § | 3:23-CV-1013-X-BK; & |
| | § | 3:23-CV-1014-X-BK |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, these consolidated *pro se* civil actions were referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Terrance Turner's motion to proceed *in forma pauperis*, but did not issue process pending judicial screening. Doc. 8; Doc. 9. Upon review of the relevant pleadings and applicable law, the consolidated actions should be summarily **DISMISSED WITH PREJUDICE** as frivolous and malicious.

## I. BACKGROUND

On May 4, 2023, Turner, a Virginia resident, filed 16 civil cases against private companies and federal agencies, including USSOCOM, FBI, CIA, NSA. The complaints are nonsensical, and the allegations are irrational. Indeed, Turner fails to state any cause of action or alleges any coherent facts from which the Court can discern a legally cognizable cause of action. Further, in the motions to proceed *in forma pauperis* filed in each case, Turner asserts that Defendants are essentially forcing him to file these civil actions:

> USSOCOM, WHITE HOUSE, NANCY PELOSI, JOE BIDEN, according to USCENTCOM, have me trapped in life circumstances where I cannot get a job, trapped in Candlewood Suites, Sterling, VA, burning up money, having useless conversations with my uncle and reggie, making me file cases that take a long time to go to court, need immediate injunctive relief for Wipro firing me soon and not paying me now, and previous job companies firing me due to fraud, and illegal reasons.

Doc. 4 (errors in original).

On May 11, 2023, District Judge A. Joe Fish dismissed two of Turner's cases concluding they were frivolous and malicious and barred him from filing further actions *in forma pauperis*. *See Turner v. Trugreen Ltd. P'ship, et al.*, No. 3:23-CV-989-G-BK, Civ. Doc. 9 (N.D. Tex. May 11, 2023); *Turner v. LegalMatch, et al.*, No. 3:23-CV-993-G-BK (N.D. Tex. May 11, 2023). In so concluding, the Court took judicial notice of a May 6, 2023 email Turner sent to the Court's Emergency File email address, in which he asserted that the "FBI, SEC, IRS, FINRA, and other forces," which communicate with him only "through technology means" and engage in "mind control" activities, are "telling [him] file" these actions "in other states." *See* Civ. Doc. 10 in 3:23-CV-989-G-BK. Turner further laments that: (1) life is becoming harder for him, (2) he cannot secure employment, (3) he feels trapped in the Virginia motel where he lives, and (4) he is forced to file new cases to "gain revenue" rather than actually having a claim. *Id.*

The Court also took judicial notice of the fact that Turner had already filed more than 60 lawsuits throughout the United States during the last two years, *see* PACER Case Locator,[1] and that other courts had found his pleadings to be illogical and unintelligible.  *See, e.g., Turner v. Deutsche Bank*, 3:20-CV-674, Dkt. 38 at 1 (M.D. Fla., Jacksonville Div., Dec. 17, 2020) (finding Turner failed to "properly plead any claims against Defendant" and that he "continue[d] to include conclusory, vague, and immaterial facts, as well as scandalous and impertinent material"); *Turner v. Thompson*, No. 1:20-CV-2633, Dkt. 17 at 2 (N.D. Ga., Atlanta Div., Sep. 11, 2020) (concluding his complaint was "incomprehensible" and dismissing it for failure to state a claim).[2]

Upon review of each of the complaints consolidated in this cause, the Court again concludes that Turner fails to present a cognizable claim and that his factual contentions are both delusional and deficient.  Thus, all claims/cases in this consolidated action should be dismissed as frivolous and malicious.

## II. ANALYSIS

Since Turner is proceeding *in forma pauperis*, his complaints are subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B).  This statute provides, *inter alia*, for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious.  A complaint is frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v.*

---

[1] The PACER Case Locator is available at https://pcl.uscourts.gov/pcl/index.jsf (last accessed on May 19, 2023).

[2] On May 17, 2023, Turner also separately filed duplicate copies of his original complaints.  Doc. 11; Doc. 11-1 through Doc. 11-15.

*Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Turner has failed to state a cognizable legal claim or anything that can be construed as such. He presents no supporting legal authority for the claim he asserts. Moreover, his factual contentions are clearly baseless and inadequate to support any cognizable claim. Additionally, his allegations border on the irrational and incredible. *See Denton*, 504 U.S. at 33.

Further, to the extent Turner attempts to allege criminal law violations, he lacks legal basis. *See* Doc. 3 at 3 (referencing criminal statutes in the jurisdictional section). Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (party who seeks to imply a private right of action bears the burden to show that Congress intended to create one). Turner has pled nothing here that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Consequently, Turner's consolidated actions should be dismissed with prejudice as factually and legally frivolous and malicious.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here, however, Turner's apparent claims are fatally infirm. Based on the most deferential review of his complaints, it is unlikely that, given the opportunity, he could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, the consolidated action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B).

Finally, as noted above and reiterated here, Turner has been barred by this Court from filing future actions *in forma pauperis* in this or any other federal court, without first obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee, in which he is the plaintiff, should not be reviewed by the Court. *See Turner v. Trugreen Ltd. P'ship, et al.*, No. 3:23-CV-989-G-BK (N.D. Tex. May 11, 2023); *Turner v. LegalMatch, et al.*, No. 3:23-CV-993-G-BK (N.D. Tex. May 11, 2023).

**SO RECOMMENDED** on January 17, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).